### EVA READER *v.* JACOB SCHICKISER.

**Deeds—Reformation—Mistake—Evidence.**

A court will not reform a deed upon the testimony of the grantor alone as to a mistake, where the conveyance accomplished the object which the grantor desires, where she understands the English language sufficiently to comprehend ordinary business transactions.

APPEAL FROM KENTON CIRCUIT COURT.

September 18, 1873.

OPINION BY JUDGE PRYOR:

Before a court of equity will undertake to reform a written contract between parties upon the ground of mistake, it must be clearly shown by the proof that the party is entitled to the relief. In this case the draftsman of the deed says that the appellant wanted the property embraced by the deed so conveyed as to exclude her intended husband, "giving her the benefit during life and remainder to go to her children." Upon cross-examination he again repeats that he so understood the grantor and supposed she fully comprehended what she was doing. This witness states that a short time after the execution of the deed the appellant informed him that she had entirely misapprehended the character of the estate she was conveying and he thinks there was a mistake with reference to it. All the evidence upon which this relief is sought is based upon the statements by the grantor subsequent to its execution. Neither the draftsman nor any one else can or does testify as to any mistake except from William Reader's statements, unless you confine the

testimony to the witness preparing the instruments at the time of its execution. He says that he wrote it as he understood the party wanted it. It is shown that the appellant understood the English language well enough to comprehend her business transactions, and that her sole object has been to secure or give this property at her death to her children. She called upon her attorney, Richardson, to write her will and devise this property to pass to her children at her death. It was then that her attorney advised her that by the conveyance now sought to be reformed her children already owned the property, subject to her life estate. Why she wants to reform the deed is not easily explained when it clearly appears that it passes to the children the very estate she wants them to have at her death. This property is shown to be valuable and productive. She has the sole use of it during life, and we perceive no reason from the evidence in the case for reforming the deed. We would be reluctant, too, in attempting to alter the legal effect of such an instrument based alone on the statements and testimony of the grantor. If the daughter and son-in-law, who are of full age, are of the opinion that the mother should have the property they can convey their interest to her by deed. This court will not divest the infants of title.

Judgment *affirmed*.

*Richardson, for appellant.*

———, *for appellee.*